# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ENTERTAINMENT MERCHANTS ASSOCIATION; and <br> (2) ENTERTAINMENT SOFTWARE ASSOCIATION, <br><br> Plaintiffs, <br><br> vs. <br><br> (1) BRAD HENRY, in his official capacity as the Governor of the State of Oklahoma; <br> (2) DREW EDMONDSON, in his official capacity as Attorney General of the State of Oklahoma; and <br> (3) C. WESLEY LANE, II, in his official capacity as District Attorney of Oklahoma County, <br><br> Defendants. | Case No. CIV-06-675-C |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed this action for declaratory and injunctive relief on June 23, 2006. Plaintiffs have filed motions seeking a preliminary injunction. (Pls.' Mot., Dkt. No. 14; Pls.' Mot., Dkt. No. 38.) Defendants Henry and Edmondson filed an objection (Defs.' Objection, Dkt. No. 30) and a response (Defs.' Resp., Dkt. No. 39.)[*] Plaintiffs filed a reply (Pls.' Reply, Dkt. No. 40).

---

[*] In response to Plaintiffs' Motion for a Preliminary Injunction, Defendant Lane filed a Proposed Stipulation agreeing that attorneys for the other two Defendants will be deemed to act for him and that he will be bound by the orders and judgments of the Court. (Def.'s Stipulation, Dkt. No. 31.) The Plaintiffs stipulated and agreed that Defendant Lane need not make separate arguments and filings. (Pls.' Resp., Dkt. No. 32.)

Plaintiffs also filed a motion for summary judgment (Pls.' Mot. Summ. J., Dkt. Nos. 35 & 36), and in response Defendants filed a Rule 56(f) motion to continue and conduct discovery (Defs.' Mot. for Continuance, Dkt. No. 37). Plaintiffs then requested expedited briefing. (Pls.' Mot., Dkt. No. 38.) Defendants conditionally offered to withdraw their Rule 56(f) motion if Plaintiffs agreed to remove certain items (#7, 8, 10, 11, 12) from the Statement of Undisputed Facts in Plaintiffs' motion for summary judgment. (Defs.' Mot., Dkt. No. 39.) Plaintiffs agreed to withdraw these statements (Pls.' Reply, Dkt. No. 40), and Defendants in turn have been given permission to withdraw their Rule 56(f) motion (Defs.' Mot. for Order, Dkt. No. 41).

## I. BACKGROUND

Title 21 of the Oklahoma Statutes criminalizes the display, sale, or other dissemination of material which is harmful to minors with misdemeanor penalties up to $1000. On June 9, 2006, Oklahoma Governor Brad Henry signed into law House Bill 3004 (the Act) which becomes effective November 1, 2006. The disputed section of the Act will amend 21 Okla. Stat. § 1040.75(3)(b). The Act adds a new category of material that is "harmful to minors:" "any description, exhibition, presentation or representation, in whatever form, of inappropriate violence."

> "Inappropriate violence" means any description or representation, in an interactive video game or computer software, of violence which, taken as a whole, has the following characteristics:
>
> a. the average person eighteen (18) years of age or older applying contemporary community standards would find that the interactive video

>   game or computer software is patently offensive to prevailing standards in the adult community with respect to what is suitable for minors, and
>   b.  the interactive video game or computer software lacks serious literary, scientific, medical, artistic, or political value for minors based on, but not limited to, the following criteria:
>   (1)  is glamorized or gratuitous,
>   (2)  is graphic violence used to shock or stimulate,
>   (3)  is graphic violence that is not contextually relevant to the material,
>   (4)  is so pervasive that it serves as the thread holding the plot of the material together,
>   (5)  trivializes the serious nature of realistic violence,
>   (6)  does not demonstrate the consequences or effects of realistic violence,
>   (7)  uses brutal weapons designed to inflict the maximum amount of pain and damage,
>   (8)  endorses or glorifies torture or excessive weaponry, or
>   (9)  depicts lead characters who resort to violence freely . . . .

On June 23, 2006, Plaintiffs brought this action pursuant to 42 U.S.C. § 1983 seeking a declaratory judgment of the Act's unconstitutionality and an injunction against its enforcement. Plaintiffs are trade associations who represent companies that create, publish, manufacture, distribute, sell, and rent video games to the public. Plaintiffs allege that the Act is unconstitutional because it infringes upon First Amendment rights of free expression, is unconstitutionally vague, and violates the Equal Protection Clause of the Fourteenth Amendment.

## II. PRELIMINARY INJUNCTIVE RELIEF

While it is conceivable that the merits of this case could be addressed before November 1, the Court recognizes the need for a considered opinion on this important subject and does not want to place undue pressure on the parties' or the Court's schedules. Plaintiffs have requested a preliminary injunction preventing Defendants and their officers, employees, and

representatives from enforcing the Act. Plaintiffs premise their motion on Fed. R. Civ. P. 65. To obtain a preliminary injunction, Plaintiffs must show: (1) they will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood that Plaintiffs ultimately will prevail on the merits; (3) the threatened injury to Plaintiffs outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest. Wyandotte Nation v. Sebelius, 443 F.3d 1247, 1254-55 (10th Cir. 2006).

In the Tenth Circuit, a plaintiff who wishes to alter the status quo must prove these preliminary injunction factors "heavily and compellingly." See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 342 F.3d 1170, 1177 (10th Cir. 2003). Here, Plaintiffs wish to preserve the status quo. They are requesting prohibitory rather than mandatory injunctive relief during the course of this litigation. The public would continue to be governed by the version of 21 Okla. Stat. § 1040.75 which is currently in effect. Therefore, Plaintiffs are not required to show the four factors "heavily and compellingly."

*A.     Irreparable Harm*

Plaintiffs argue that their members will suffer irreparable harm if the Act goes into effect. Defendants, however, assert that because no enforcement is occurring presently, Plaintiffs cannot show they will suffer irreparable harm without an injunction. Defendants' argument is unpersuasive. Defendants' argument lacks merit because the Act is scheduled to go into effect on November 1, 2006. Enforcement of the Act's provisions is imminent. As discussed below, Plaintiffs have a substantial likelihood of success of proving that the Act violates the First Amendment. Any person's "loss of First Amendment freedoms, for even

minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). The Tenth Circuit has noted that "[t]o the extent that First Amendment rights are infringed, irreparable injury is presumed." Cmty. Commc'ns Co. v. City of Boulder, 660 F.2d 1370, 1376 (10th Cir. 1981) (citing Elrod, 427 U.S. at 373) (internal quotation marks omitted).

*B.     Substantial Likelihood of Prevailing on the Merits*

Defendants do not present arguments in their Objection that specifically address Plaintiffs' grounds for finding the Act unconstitutional. Plaintiffs claim that every previous government attempt to restrict "violent" video games has been struck down as violating the First Amendment. Without examining the veracity of this claim, the Court notes that Defendants' only response in their Objection is to argue that the Plaintiffs might not prevail because Defendants believe the Act may be held to a lesser standard of review than strict scrutiny. Many courts, however, have either struck down similar laws or granted a preliminary injunction against enforcement based on First Amendment grounds. See, e.g., Entm't Software Ass'n v. Hatch, ___ F. Supp. October 10, 20062d ___, No. 06-CV-2268(JMR/FLN), 2006 WL 2162302 (D. Minn. July 31, 2006). Most recently, Plaintiffs were granted a preliminary injunction barring enforcement of a very similar statute in Louisiana. See Entm't Software Ass'n v. Foti, ___ F. Supp. 2d ___, No. 06-431-JJB-CN, 2006 WL 2572101 (M.D. La. Aug. 24, 2006) (applying strict scrutiny analysis and finding that plaintiffs had a likelihood of success on the merits of establishing that the statute violated freedom of expression and was void for vagueness).

5

Plaintiffs present strong arguments that the Act contains unconstitutional content-based restrictions and that the Act's language is unconstitutionally vague. Because Defendants have not yet presented their argument for applying a lesser level of scrutiny to the Act, the Court will not yet subject the Act's provisions to full First Amendment analysis, nor the Plaintiffs' arguments to a full examination of their merits. It is apparent, however, that Plaintiffs are substantially likely to prevail in this case even if the Act is subjected to a lower level of scrutiny.

C.   *Whether the Threatened Injury Outweighs Any Harm and Whether an Injunction Would Be Contrary to the Public Interest*

Plaintiffs assert that the public interest would be harmed were the Act to go into effect, because both Plaintiffs and other game creators, retailers, and consumers will suffer violations of their constitutional rights. Defendants argue that because the public currently has the opportunity to purchase the video games, there is no need to protect their First Amendment rights with an injunction. Again, Defendants ignore the imminent effectiveness of the Act, which will by its passage widen the scope of materials which are "harmful to minors" and thus subject their sale or distribution to criminalization. Plaintiffs correctly point out the contrast between the potential, serious harm that the public could suffer and the advantages of delaying enforcement of the Act. "[T]here can be no irreparable harm to a [government entity] when it is prevented from enforcing an unconstitutional statute because it is always in the public interest to protect First Amendment liberties." Joelner v. Vill. of Washington Park, 378 F.3d 613, 620 (7th Cir. 2004) (internal quotation marks & citations omitted).

*D.*     *Bond*

Fed. R. Civ. P. 65(c) requires the giving of security as a condition precedent to the granting of a preliminary injunction. However, the Court has discretion to require only a nominal bond, or no bond at all, in a case where issues of overriding public concern or important federal rights are involved. <u>See, e.g.</u>, <u>Cont'l Oil Co. v. Frontier Ref. Co.</u>, 338 F.2d 780, 782 (10th Cir. 1964) (noting that under Fed. R. Civ. P. 65(c), "the trial judge has wide discretion in the matter of requiring security and if there is an absence of proof showing a likelihood of harm, certainly no bond is necessary") (footnote omitted); <u>Davis v. Mineta</u>, 302 F.3d 1104, 1126 (10th Cir. 2002). Defendants will suffer no financial harm from an imposition of preliminary injunctive relief preserving the status quo. Plaintiffs shall not be required to give security for this preliminary injunction.

## IV. CONCLUSION

Statement of Facts Nos. 7, 8, 10, 11, and 12 in Plaintiffs' motion for summary judgment are STRICKEN from Plaintiffs' motions (Dkt. No. 35 & 36). Defendants shall file any response to Plaintiffs' motion for summary judgment no later than October 18, 2006. Plaintiffs' Motion for a Preliminary Injunction (Dkt. No. 14 &38) is GRANTED.

IT IS SO ORDERED this 11th day of October, 2006.

ROBIN J. CAUTHRON
United States District Judge